### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | |
| **EDIL E QUINONES VELEZ** | **CASE NO. 09-06933 BKT** |
| **ERNESTINA  GONZALEZ DIAZ** | **CHAPTER 13** |
| **Debtor(s)** | **ADVERSARY NO.  10-00152** |
| **EDIL E QUINONES VELEZ** | |
| **ERNESTINA  GONZALEZ DIAZ** | |
| **Plaintiff** | |
| **SCOTIABANK DE PUERTO RICO; PR ACQUISITIONS, LLC; MAZA & GREEN;** | **FILED & ENTERED ON 06/13/2011** |
| **JOHN DOE, XYZ CORPORATION** | |
| **Defendant(s)** | |

### DECISION AND ORDER

This proceeding is before the Court upon PR Acquisition LLC's ("Movant's") Amended Motion for Summary Judgment [Dkt. No. 34], Scotiabank's ("Co-Movant's") motion to join the Amended Motion for Summary Judgment [Dkt. No. 37], the Debtors' Response to Amended Motion for Summary Judgment [Dkt. No. 39], and the Movant's Reply to Plaintiffs' Opposition To Amended Motion For Summary Judgment [sic] [Dkt. No. 41].  For the reasons set forth below, the Movant's Amended Motion for Summary Judgment is hereby DENIED.

### STATEMENT OF FACTS

On August 22, 2009, Edil Quinonez Vélez and Ernestina González Díaz ("Debtors") filed a voluntary Chapter 13 petition.  They allegedly received a letter seeking to collect a pre-petition debt

1

owed to the Movant and Co-Movant.  On September 17, 2010, Debtors filed an adversary complaint alleging that the collection letter violated the automatic stay provision under 11 U.S.C. § 362.

On January 13, 2011, the Movant filed a Motion for Summary Judgment (amended the same day), and on January 24, 2011, Co-Movant motioned to join in that motion.  Movant alleges that the request for Debtors' admission that no damages were suffered as a result of the violation is now deemed admitted, since Debtors failed to respond to the Movant's Request For Admissions within the requisite thirty days.  Debtors respond that the Court should permit withdrawal or amendment of the alleged admission because (1) Debtors have engaged in settlement discussions with the Movant during the relevant time period; (2) they have health issues which have been exacerbated by the stress of the violation; and (3) allowing amendment or withdrawal would promote presentation of the merits of the action pursuant to Fed. R. Civ. P. 36(b).

### SUMMARY JUDGMENT STANDARD

Summary judgment is available if the pleadings, depositions, affidavits, answers to interrogatories, and admissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Borges v. Serrano-Isern, 605 F.3d 1 (1st Cir. 2010).  The moving party has the burden of proving that there is no genuine issue of material fact.  In re Rijos, 263 B.R. 382 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit.  Borges at 5.  Fed. R. Civ. P. 56 is made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7056.

**LEGAL ANALYSIS AND DISCUSSION**

The Court has the discretion to permit amendment or withdrawal of an admission.  A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Fed. R. Civ. P. 36(b).  In determining whether or not to permit withdrawal or amendment of a statement admitted by failure to respond to a request for admissions, the court considers: (1) whether the presentation of the merits of the action will be subserved thereby and (2) whether the party who obtained the admission will be prejudiced in maintaining the action or defense on the merits if the admission is withdrawn.  Farr Man & Co. v. M/V Rozita, 903 F.2d 871, 876 (1st Cir. 1990).

As to the first factor, the Debtors in this action did not voluntarily admit that there were no damages suffered as a result of the collection letter; in fact, their position is just the opposite.  They assert that this violation exacerbated their existing health problems.  Therefore, the Court finds that permitting withdrawal of the admission would facilitate resolution of the dispute on its merits, ie, whether or not the Debtors suffered damages due to the alleged § 362 violation.  The second factor looks to "the difficulty a party may face in proving its case . . .  because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions."  Brook Vill. N. Assocs. v. Gen. Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982).  The Movant has not alleged any such difficulty in obtaining evidence necessary to establish the veracity of the alleged admission.  Thus, this Court finds that they would not be prejudiced by a withdrawal or amendment of the alleged admission.

## CONCLUSION

Because permitting the withdrawal of the admission will facilitate resolution of the dispute on the merits, and because the Movant has not alleged any substantial difficulty in obtaining evidence necessary to prove the veracity of the admission, the Movant's Motion for Summary Judgment [Dkt. No. 34] is hereby DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 13 day of June, 2011.

Brian K. Tester
U.S. Bankruptcy Judge